# Spencer's Appeal.

Under the Act of 1851, the widow of a decedent is entitled to three hundred dollars out of the proceeds of the sale of real estate in preference to a judgment-creditor, in whose favour the husband had waived the benefit of the Act of 1849, exempting $300 worth of property from levy and sale.

APPEAL from the Orphans' Court of *Allegheny county*.

James Smith being seised in fee of two lots of ground, on the 24th January, 1854, for money borrowed, gave to Joseph Spencer, the appellant, a bond for $111, with warrant of attorney to confess judgment, and a waiver of all right of exemption of property under

[Spencer's Appeal.]

the Act of 1849 from levy and sale. By virtue of the warrant of attorney, judgment was confessed against Smith in the District Court of Allegheny county, on the 24th January, 1854. On the 15th September, 1854, Smith died intestate, leaving a widow, Sarah, to whom letters of administration were granted. Afterwards, in pursuance of an order of the Orphans' Court, she sold the two lots of ground for the payment of debts. She then filed her administration account, charging herself with the amount of the inventory of the personal estate and the proceeds of the sale of the real estate, and took credit for $300 claimed by herself as the widow, under the provisions of the Act of 14th April, 1851, and thus left the claim of Spencer unpaid. To the account, appellant excepted. The court dismissed the exceptions and confirmed the account.

Whereupon Spencer appealed to this court.

*Mellen* and *Negley*, for appellant.

*Hasbrouck*, for appellee.

The opinion of the court was delivered by

LOWRIE, J.—We think that the learned President of the Orphans' Court decided this cause rightly. The Act of 1851, allowing a widow to take property to the value of $300 out of her deceased husband's estate is plainly a restriction on the remedies theretofore existing in favour of creditors. It is therefore a restriction or qualification of any liens acquired by operation of law against his estate after the passage of the act, except so far as is excepted by the act.

It is supposed that his waiver of any right of exemption alters the case; but we do not think so. His waiver of a privilege granted by law to himself cannot affect a right granted to another. It puts the creditor in the same position which he would have occupied if the husband had had no exemption to be waived. And surely this provision in favour of the widow might have been enacted and enforced, even if there had been no exemption at all in favour of the debtor himself. The creditor might have divested his whole estate in his lifetime; but not having done so, the prospective provision in favour of the widow comes into operation, and restricts his remedy so far as to prevent it from interfering with the right granted to her.

Decree affirmed at the appellant's costs, and the cause is remitted.