# Roddy's Appeal.

1. The 9th section of Act of April 22d 1856 (Judgments), applies to sub-rogation and to cases where the estates of several shall be subject to the lien of a judgment, to which they should contribute.

2. In such cases the court may order the properties to be sold in the pro-portion or succession in which they are liable to contribute to the lien, or compel the plaintiff on payment to assign his judgment and direct to what uses it shall be assigned, and may control the execution so as to prevent injustice.

3. R. and F. jointly purchased two tracts, gave a mortgage on them for the purchase-money and made amicable partition. R. paid part of the mort-gage. On his offer to pay the residue of the proportion to which his part was liable, the court might order F.'s tract to be first sold.

4. The proper practice in such case, stated.

October 10th 1872, (at Pittsburg). Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Appeal from the decree of the Court of Common Pleas of *Somerset county :* Of May Term 1872, Middle District, No. 90.

On the 22d of September 1871, John D. Roddy presented a petition to the Court of Common Pleas, setting out that the peti-tioner and Hiram Findley purchased from David Hay and Michael Hay two tracts of land, one known as the Hoyman farm, and the other as the Sturtz farm, and gave a joint mortgage on the farms for the purchase-money; that in January 1869, they made an amicable partition, the "Hoyman farm," containing 327 acres, being assigned to Findley, and the "Sturtz farm," containing 289

acres, being assigned to Roddy; that up to July 2d 1869, Roddy had paid to the Hayes, the mortgagees, $3337.50, and Findley had not paid anything; that upon a scire facias on the mortgage, the mortgagees recovered judgment against Findley and Roddy for the amount due on the mortgage; Roddy further represented that he was willing to pay the unpaid purchase-money due on his tract upon the plaintiffs in the scire facias releasing his tract from the lien of the mortgage. The prayer of the petition was that the court would order "that the plaintiffs shall cause to be first raised out of the tract held by the said Findley so much of the amount due on the judgment as would amount to his *pro ratâ* of the original purchase-money, and the residue out of the tract held by your petitioner if not otherwise paid or satisfied by your petitioner."

The court granted a rule on the plaintiffs to show cause why the order prayed for should not be made.

The plaintiffs answered admitting the allegations of the petition, and averring "that said mortgage is a joint obligation, and that they, the said respondents, are neither a party to nor even agreed to said amicable partition; that both tracts are bound by said mortgage, and that they believe that at a cash sale both tracts will not bring much more, if any, than will satisfy their judgments, interest and costs; and they further say they ought not to be delayed or postponed in the execution on their mortgage by reason of any private arrangement made by the mortgagees for their own interest or convenience, and in which your respondents were not consulted, did not agree to and could not control, and therefore pray your Honors to discharge the rule at the costs of the petitioner."

The court discharged the rule, and Roddy appealed to the Supreme Court, assigning the order discharging the rule, for error.

*J. R. Edie*, for appellant.

*V. Hay* and *S. Gaither*, for appellee.

The opinion of the court was delivered, October 21st 1872, by

AGNEW, J.—From the tenor of the arguments and the entire absence of a reference in the paper-books to the 9th section of the Act of 22d April 1856, Br. Purd. 578, pl. 40, it would seem that act was not brought to the attention of the learned court below. The act confers upon the courts a valuable power, to control and direct executions so as to subserve the rights and equities of defendants as well as plaintiffs. Being statutory, the power is legal, and extends not only to cases of subrogation, in which the court has before exercised equitable powers, but to all cases where the estates of several persons shall be subject to the lien of any judg-

ment to which they should by law or equity contribute.    The court may, therefore, order the properties liable to the common encumbrance to be sold in the proportion, or in the succession, in which the properties of the several owners shall in law or equity be liable to contribute towards its discharge, or compel the plaintiff on payment to assign his judgment.    It may also direct to what uses the judgment shall be assigned, and when assigned direct all executions thereupon, so as to subserve the rights and equities of all parties, whose real estate is liable thereto.    These powers are so clearly remedial and adapted to cases in which the court had not before been accustomed to grant relief, by compelling the plaintiff to proceed in his execution so as to do no injustice ; they should be exercised in the very spirit of the act itself. In this case the defendants held the " Hoyman" and " Sturtz" tracts severally, but subject to a common encumbrance, to wit, a joint mortgage, on which judgment had been obtained, which was ripe for execution.    Roddy had paid a considerable part of the mortgage-money, but Findley had paid none, and was insolvent. Roddy offered to pay the residue of the proportion of the money to which his several tract was equitably subject.    It was therefore just that the two tracts should be so sold as to prevent injury to Roddy by selling his tract for the debt and throwing him upon action against Findley for contribution.    This could be easily done without the slightest injury to the plaintiff in the levari facias, by an order that the sheriff sell the " Hoyman" tract owned by Findley first, and if the price was sufficient to pay the liens, to return the " Sturtz" tract owned by Roddy unsold ; but if the " Hoyman" tract did not bring a sufficient sum to pay the debt and costs, then to sell the " Sturtz" tract, unless the defendant, Roddy, paid to him the residue not made by the sale of the " Hoyman" tract.    By such an order the plaintiff would not be delayed and justice would be done between the defendants in the writ.    As the court below declined to exercise their power at all, and to make any order in the case, their order discharging the rule must be reversed.    But as it is alleged that Findley was not made a party to the rule, and had no notice, and yet might be able to show a reason, either not to make the order we have indicated, or to modify it, we forbear making any further decree, and direct the record to be remitted to the court below to hear the rule afresh with notice to Findley ; and to make such order in the case as equity and justice shall require.

Order of the court below discharging the rule to show cause reversed, and record is directed to be remitted to the court below to proceed in accordance herewith.