# Fulton's Appeal.

The Act of April 22d 1856, providing for contribution and subrogation to protect equities of parties, does not apply to the case of a judgment against copartners where the accounts of the partnership are unsettled and the liabilities of the respective partners unascertained.

October 5th 1880.　Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Appeal from the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1880, No. 73.

In the court below a judgment was obtained on June 20th 1879 by the Central Bank against James B. Fulton, Peter Hutchison, Joseph Henderson, J. B. Williams, John Henderson, William Henderson, Oliver Henderson, W. P. Logan and Jacob H. Walter, late partners, doing business as Fulton, Marvin & Co.

On the 9th of February 1880 James B. Fulton, John Henderson, Joseph Henderson, William Henderson and Oliver Henderson filed a petition which set forth that they were defendants in the above-mentioned judgment, "that said judgment after an award of arbitrators has been entered against them, and all the defendants of record, including Jacob H. Walter and others; that it was entered for the sum of $8833.55 and costs, and the plaintiff demands the money in full from your petitioners, whose real estate is subject to the lien of said judgment and award; that your petitioners are forced to pay the amount of said judgment, and are now prepared to pay the same in full; but that a bill in equity for settlement of the business of said firm of Fulton, Marvin & Co. was filed at April term 1876, and the case has been pending before a master, and a large amount of testimony has been taken therein, and that the case is now about closed, so far as the taking of testimony is involved; that your petitioners are advised that under the evidence they should recover against one of the defendants in this said case, Jacob H. Walter, a large decree for moneys in his hands belonging to the said firm and them, exceeding the amount of the award and judgment in this case, and to protect the interest and equities of petitioners in payment of said judgment and costs, they respectfully ask the court to make an order in the premises, under the equitable practice of the court, and especially under the Act of Assembly of April 22d 1856, which provides, that where one or more such defendants are compelled to pay such judgment that the court shall order and direct, under power vested, to what uses said judgment shall be assigned, &c. Your petitioners, therefore, respectfully ask that such an order be now made by this court as will protect their interests in the premises, and preserve the lien of the judgment against said Walter and other defendants, to the end that if it appear, on final decree in said bill in equity suit,

[Fulton's Appeal.]

that the whole or any part of said judgment and costs shall be due your petitioners from any of the defendants who do not now contribute to such payment, then said judgment may be controlled in accordance with the equity of the case and the said Act of Assembly, and they will ever pray, &c."

A supplemental petition and affidavits, praying for a rule were filed as follows : "That an affidavit made by Joseph Henderson on the 7th of February 1880 was filed and a rule granted, but that since said rule was granted an execution was issued and direction given, as affiant is informed and believes, to levy the debt, interest and costs in the judgment of the goods and chattels, lands and tenements of this deponent and his co-defendants, above named (Fulton and Hendersons), which execution is now in the hands of the sheriff. That an award. of arbitrators was filed in the original suit at No. 1214 of September term 1876, on the 30th day of January 1877, for the sum of $7837.36, and costs ; and from which award against this deponent and the said co-defendants hereinabove named, an appeal was duly taken, and upon issue joined a verdict and judgment was rendered against them on the 14th day of June 1879, for $8833.55, &c., upon which said execution has been issued.

"This affiant further says : That there are other defendants in said suit, and under said award and judgment, whose lands and tenements, goods and chattels are bound by said judgment and execution ; but from whose said lands, &c., goods, &c., it is not now the purpose of the plaintiff to levy and collect said judgment or award, to wit, Jacob H. Walter, Peter Hutchison, William P. Logan and Jacob B. Williams ; but said sheriff has been, or will be, directed to levy and collect said judgment of the lands and tenements, goods and chattels of this affiant, and said other defendants, James B. Fulton, John, James, Oliver and William Henderson.

"Affiant is advised, that this court has legal and equitable control over said execution, inasmuch as all the partnership assets of said defendants, Fulton, Marvin & Co., have long since been converted, and do not now exist ; and have been and are in the hands and possession of said Jacob H. Walter, one of the said defendants ; and deponent and said Hendersons, defendants, are desirous of having the lien of said judgment preserved against the lands, &c., of the said Jacob H. Walter, Peter Hutchison and Logan, all of whom have lands in the county of Allegheny, as deponent is informed and believes, which lien will be released and satisfied, in case deponents and the said co-defendants pay said judgment to the sheriff, or do voluntarily pay and satisfy said judgment and costs.

"He, therefore, asks the court to order and direct, that said execution may also be levied on, and said money be collected

[Fulton's Appeal.]

of and from the lands, goods and chattels of said other defendants, Walter, Hutchison and Logan, in the proportion that their interests in said firm were, to wit: Said Walter had a one-sixth interest, in the said firm of Fulton, Marvin & Co.; and the said Hutchison one-sixth interest, therein; the said Logan and Williams each one-sixth interest, and the said Fulton one-sixth interest therein; and this deponent and the said John, Oliver and William Henderson, had together, one-sixth interest in said firm.

" And affiant further says, that the bill in equity mentioned in the said affidavit made by said Joseph Henderson, at said No. 36 of April Term, of 1876, is now being pressed to a hearing before the master, as will appear by reference to the proceedings therein, pending at the suit of this affiant, and others, against said Jacob H. Walter, in which case deponent verily believes a decree will be obtained against said Walter for a large sum of money greatly exceeding the amount of the debt, interest and costs, for which said execution has been issued.

"He therefore respectfully asks, that the court shall order and direct the plaintiff in said execution, and the sheriff to levy and collect said judgment from the lands and tenements, goods and chattels of all the said defendants therein, in the proportion that their interests in said firm were at and before it was dissolved, which dissolution defendant avers was about the —— day of January 1873, since which dissolution said defendants and said firm have been endeavoring to make a just and equitable settlement of their business, as will appear by reference to said bill in equity, and proceedings therein—or this affiant and his said co-defendants ask and desire, that they may be allowed to pay said judgment and execution, in full to the plaintiffs, and that the court do order and direct, that the said judgment be assigned to them, to remain and abide the final decree in said suit in equity; and that the court do make such other order therein, as the equitable right of the parties in the case demand, and what is directed to be done under the Act of Assembly in such case made and provided, to the end that if a final decree shall be rendered in said equity suit against said Walter, or against him and any, or all of said other co-defendants in the execution now issued in this case for a sum less, equal to or greater than the debt, interest and costs, which shall be paid by this deponent and his said co-defendants, then an execution under the direction of this court may be issued as to the court may seem meet and proper, for the protection of the defendants paying said money.

" Deponent, therefore, asks a rule to show why said plaintiff should not levy and collect his said judgment on said execution from all said defendants' lands, &c., in the proportions named, or otherwise, that this deponent and his said co-defendants, on pay-

[Fulton's Appeal.]

ment of the whole debt, interest and costs, for which said execution has been issued, have said judgment assigned to them for such uses and purposes as the court may direct. And the affiant asks that the affidavit heretofore filed (the one set forth above) may be deemed a part hereof."

The Act of April 22d 1856, Pamph. L. 534, provides as follows :

" Whenever the real estate of several persons shall be subject to the lien of any judgment to which they should by law or equity contribute, or to which one should have subrogation against another, or others, it shall be lawful for any one having right to have contribution, or subrogation, in case of payment, upon suggestion by affidavit and proof of the facts necessary to establish such right, to obtain a rule on the plaintiff to show cause why he should not levy upon and make sale of the real estate liable to execution, for the payment of said judgment in the proportion, or in the succession in which the properties of the several owners shall, in law or equity, be liable to contribute towards the discharge of the common encumbrance, otherwise, upon the payment of such judgment, to assign the same for such uses as the court may direct ; and the court shall have power to direct to what uses the said judgment may be assigned, and when assigned, direct executions thereupon, so as to subserve the rights and equities of all parties whose real estate shall be liable thereto, and if the plaintiff shall refuse to accept his debt, and make such assignment of his judgment, the executions thereupon in the hands of the plaintiff, shall be so controlled and directed by the court as to subserve the said rights and equities."

The plaintiff in the judgment made no answer, but Jacob H. Walter filed an answer to said petition, which set forth that, "true it is that a bill in equity was filed by James B. Fulton and others against J. H. Walter et al., for settlement of the accounts of the said firm of Fulton, Marvin & Co., and that the suit is pending before an examiner, who has not yet completed the taking of testimony ; that a meeting has been fixed for the appearance of the parties on the 19th instant, to take further testimony ; that it is not true that the petitioners should recover against one of the defendants, Jacob H. Walter, a large decree for moneys in his hands belonging to the said firm or belonging to them, the said petitioners ; that it is not true that the said plaintiffs in the said equity suit, are entitled to a decree against this deponent for any sum or amount whatever, but on the contrary the decree should be in favor of this affiant, who is in advance of said firm, and who paid many debts and large amounts for said firm, and had to advance moneys for said firm because the said petitioners defaulted and failed to pay their just share or proportion of the liabilities of the firm of Fulton, Marvin & Co.; that for the purpose of avoiding litigation, when

[Fulton's Appeal.]

this suit was commenced, affiant offered to pay much more than his share of the legal liability involved, but the petitioners refused to pay a single dollar, and endeavored to cast the whole liability upon the deponent, very unjustly. Affiant suggests that the petitioners have set forth in their petition no legal or equitable grounds for the relief demanded; that this honorable court has not power to make any order or decree, such as is demanded, and that said petition should be dismissed. And petitioner further charges that, inasmuch as the petitioners, being legally liable for the said judg ment, have not paid the said judgment, or any part of it, they have no right to claim or petition for the assignment of said judgment, or other or further order or decree of the court in the premises, and upon these grounds the prayer of the said peti tioners should be denied. All of which is true as deponent verily believes."

The court, after argument, discharged the rule, when Fulton and the other petitioners took this appeal, alleging that the court erred in this action.

*A. M. Watson*, for appellants.—This case presents the question, Is the real estate of the defendants still subject to the lien of the judgment, and if so, upon payment thereof by appellants, has the court "power to direct to what use the said judgment shall be assigned, and when assigned, to direct all executions thereupon, so as to subserve the rights and equities of all parties whose real estate shall be liable thereto?"

The firm of Fulton, Marvin & Co. dissolved, and their assets passed into the hands of Walter in 1873. In his answer he alleges that these assets were exhausted, and that the late firm has nothing to pay this debt, consequently the real estate of the several defendants in the judgment is bound by it, and from that source alone the plaintiff sought satisfaction. Walter being, so far as such satisfaction goes, the bank, plaintiff, as well as one of the defendants in the judgment, found it easy to control the execution and direct a levy on the real estate of his co-defendants, the appellants, and that being done, they applied to the court for the equitable relief provided by the act. To meet just such a case it is apparent that the legislature made provision relieving copartners from the grip of the common law, as was done by the Act of 1838, providing that partners who were members of two firms might maintain a suit at common law against themselves and their copartners.

We submit that appellants' equities entitle them to the assignment prayed for, and that the lien of the judgment should be preserved for their benefit, pending the termination of the suit in equity, to settle the business and distribute the assets in the hands of Walter, who was really plaintiff as well as defendant in the suit

[Fulton's Appeal.]

and judgment of the bank against his late firm of Fulton, Marvin & Co.

*A. M. Brown*, for appellee.—Treating the case as if the partners in the firm of Fulton, Marvin & Co. had been defendants in the judgment and execution, we submit that the appellants have no case. Prima facie partners are not entitled to subrogation without showing a settlement of accounts between them: Wilson *v.* Ritchie, 4 W. N. C. 37; Bailey *v.* Brownfield, 8 Harris 41; Pearce *v.* Yost, 1 W. N. C. 472; Clark et al. *v.* Martin et al., 6 Id. 30; Fessler's Appeal, 1 Norris 150. In this case last cited, the court say : " We think it manifest * * * that the Act of 1856 was not intended to apply to any case in which the amount the substituted creditor has a right to collect from the adverse party under the judgment, has not been ascertained." Arna's Appeal, 15 P. F. Smith 72, and Roddy's Appeal, 22 Id. 98, are entirely in accord with the other cases cited; and it seems clear that the decisions both old and new determine that the appellants in this case are not entitled, either at common law or under the statute of 1856, to the relief demanded. The remedy of the paying partner is by bill in equity for a settlement of the partnership accounts: Bailey *v.* Brownfield, *supra ;* Pearce *v.* Yost, *supra.*

The judgment of the Supreme Court was entered, October 18th 1880,

PER CURIAM.—It is very clear, we think, that the Act of April 22d 1856, Pamph. L. 534, does not apply to the case of a judgment against copartners where the accounts of the partnership are unsettled and the liabilities of the respective partners unascertained. How could the court make a decree to enforce contribution or subrogation without first ascertaining how much each partner was entitled to receive or bound to pay? It would be necessary that the account should be taken and the balances adjusted. Surely, this proceeding cannot take the place of a bill in equity and the hands of the creditor in the meantime be tied up. This we think a conclusive answer to the application in the court below.

Decree affirmed and appeal dismissed at the costs of the appellants.