## HARRISON VS. INGHAM.

The owner of an undivided interest in real estate may purchase a mortgage against the whole property and enforce its payment out of the joint estate if the co-tenants do not pay their proportion.

Error to Common Pleas of Bucks County. No. 141 January Term, 1883.

This was a *scire facias sur* mortgage, and was tried before the Court without a jury. The facts found and conclusions of law thereon were as follows, per

WATSON, P. J.:

Joseph Eyre, the defendant, was the owner of the mortgaged premises, consisting of a tract of sixty-four acres and twenty-six perches of land in Newtown Township, in this county. He executed and delivered a mortgage thereon, dated April 1, 1856, recorded in the Recorder's office of this county April 11, 1856, to John Eastburn, to secure the payment of $3,000, with interest on the first day of April, 1858. The administrators of Mr. Eastburn assigned the mortgage to

James S. McNair, by deed dated April 6, 1878, recorded April 13, 1878. The principal of the mortage debt was reduced by payments to the sum of $2,000, and the interest thereon was paid down to the tenth day of May, 1880. By certain mesne conveyances the mortgaged premises became vested in J. Pemberton Hutchinson, John H. Krause, Horatio G. Sickel, and Barclay J. Smith as tenants in common, in equal shares, subject to the payment of the mortgage debt.

Mr. Smith made an assignment of all his property to Edmund G. Harrison and William E. Van Horn in trust for the benefit of his creditors. The premises are now held by the parties named under these conveyances.

Mr. McNair assigned the mortgage to Mr. Ingham, the plaintiff, by deed dated May 10, 1880, in consideration of $2,000, then paid him. Mr. Ingham at that time was a partner of John K. Krause, doing business with him in Philadelphia. The money to purchase the mortgage was taken from the funds of the firm, and charged on the firm books to Mr. Krause, with his knowledge and consent. The money, or the check for it, was delivered to Mr. Hutchinson. He visited Mr. McNair, paid him the amount due on the mortgage, and took an assignment of it, in the name of Mr. Ingham. This was done by arrangement between Hutchinson, Krause and Sickel, for the purpose of having the mortgage sued out, and the land sold, in order to make a clear title for it. The *scire facias* in this case was afterwards sued out, and upon petition the assignees of Smith were permitted to defend.

Without referring to other authorities cited by the learned counsel for the parties, I think that Duncan vs. Drury, 9 Barr, 332; and Abbott vs. Kasson, 22 P. F. S., 183, are sufficient to establish the right of one co-tenant, under the circumstances of this case, to pay off a mortgage, which was a lien on the land previous to the purchase thereof, by himself and his co-tenants, and to enforce its payment from the joint estate. The payment of the mortgage by Mr. Krause, and the assignment of it to Mr. Ingham, were for his own benefit, and not for the benefit of his co-tenants. They can be relieved by the payment of their proportions, but in the absence of such pay-

ment, the land remains bound.    Being bound, I see no reason why it may not be reached by the ordinary proceedings by scire facias on the mortgage.

I find that there is due to the plaintiff the sum of $2,000, with interest from the tenth day of May, 1880, which he is entitled to recover from the mortgaged premises.

Upon the filing of this decision the Prothonotary will forth-with give notice to the parties or their attorneys, and if no exceptions shall be filed thereto within thirty days after the service of said notice, he will enter judgment in favor of the plaintiff for said sum, with costs.

November 13, 1882.    Upon the hearing and consideration of the exceptions filed in this case, it is ordered by the Court that the finding and statement of facts be modified by the insertion of the following :

"At the time the mortgage was assigned by Mr. McNair to "Mr. Ingham, to wit, May 18, 1880, Mr. Hutchinson paid to "Mr. McNair $13.33, arrearage of interest due on the mort-"gage to that date ; that Mr. Hutchinson then was, and pre-"viously had been acting for the joint owners of the land, and "that he charged the amount of interest then paid, as afore-"said, to said joint owners in his accounts."

Subject to this modification, the exceptions are dismissed, and judgment entered for plaintiff for the amount found due.

---

E. G. Harrison and W. E. Van Horn, assignees of B. J. Smith, terre-tenant, then took a writ of error, complaining of the entry of the judgment in favor of plaintiff.

George A. Jenks, Esq., for plaintiffs in error, argued that co-tenants cannot purchase an encumbrance against the joint estate and enforce its payment for the purpose of depriving their co-tenant of his interest; Weaver vs. Wibble, 25 Pa., 270; Lloyd vs. Lynch, 28 Pa., 419 ; Keller vs. Auble, 58 Pa., 410 ; Duff vs. Wilson, 72 Pa., 442 ; Davis vs. King, 87 Pa., 261 ; Painter vs. Henderson, 7 Pa., 48.

Messrs. G. & H. Lear, Esqs., contra, argued that the mort-gage did not merge ; Moore vs. Harrisburg Bank, 8 Watts,

138; Dougherty vs. Jack, 5 Watts, 456; nor was it extinguished; Abbott vs. Kasson, 72 Pa., 183; Duncan vs. Drury, 9 Pa., 442; Barker vs. Flood, 103 Mass., 474.

The Supreme Court affirmed the judgment of the Common Pleas on May 14th, 1883, in the following opinion,

PER CURIAM:

The facts found show this mortgage was purchased in good faith and for a lawful purpose. Without any payment by the plaintiffs in error of the proportion of the mortgage which they ought to pay we discover no reason why the land shall not remain bound thereby. When they invoke the aid of an equitable principle they must themselves submit to the application of the same principle.

Judgment affirmed.