# Ruff *v.* Barclay-Westmoreland Trust Co. et al., Appellants.

*Judgments—Lien—Rights of creditor—Rights of terre-tenant.*

A judgment creditor owes no duty to a terre-tenant of land bound by his judgment to prosecute his judgment against other lands.   The terre-tenant can protect himself either by giving proper notice of demand that the creditor proceed first against other property of the debtor, or by obtaining an assignment of the judgment to himself.   If the terre-tenant does nothing to protect himself, he is not in position to object when the creditor proceeds against the lands which he holds.

Argued April 18, 1922. Appeal, No. 161, April T., 1922, by American Natural Gas Co., Terre-tenant, from judgment of C. P. Westmoreland County, Nov. T., 1921, No. 365, for want of a sufficient affidavit of defense, in the case of H. E. Ruff v. Barclay-Westmoreland Trust Co., Administrator c. t. a. of A. A. Ruff, deceased, with notice to Isabel Ruff, widow, and Harry E. Ruff, Jennie R. Tolbrook, Clifford A. Ruff and Samuel C. Ruff, children and heirs at law of A. A. Ruff, deceased; with notice to S. C. Ruff, American Natural Gas Co., a corporation of Pittsburgh, and The Peoples Natural Gas Company, a corporation of Pittsburgh, terre-tenants. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Scire facias sur judgment. Before WHITTEN, J.

Rule for judgment of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court entered judgment for want of a sufficient affidavit of defense. American Natural Gas Company, terre-tenant, appealed.

*Error assigned* was the judgment of the court.

*E. P. Doran,* and with him *W. F. Wegley* and *V. E. Williams,* for appellant.

*John P. Pinkerton,* for appellee.

OPINION BY KELLER, J., July 13, 1922:

A. A. Ruff owned land in Hempfield Township, Westmoreland County, encumbered by a judgment held by H. E. Ruff. An estate in this land, bound by the lien of said judgment, was conveyed to the appellant, American Natural Gas Company. A. A. Ruff also owned real estate in Sewickley Township and the Borough of Greensburg,

which was subject to a mortgage, but released from the lien of H. E. Ruff's judgment.

A. A. Ruff died and his lands were sold by the administrator of his estate under order of the orphans' court, for payment of his debts. At the audit of the administrator's account $2,414.21 was awarded H. E. Ruff on account of his judgment leaving a balance thereon unpaid of $352.22. H. E. Ruff then issued a scire facias on his judgment to enforce payment of said unpaid balance, and served the writ on American Natural Gas Company as terre-tenant.

The terre-tenant filed an affidavit of defense denying liability (1) because the plaintiff had not excepted to certain credits in the administrator's account, aggregating $559.80, which it was alleged, were improperly charged against the fund; and (2) because he had not contested the award to the widow of her $500 exemption out of said fund.

The court below held the affidavit insufficient and entered judgment in favor of the plaintiff. The terre-tenant appealed.

In our opinion the case is ruled by the decision of the Supreme Court in Schoonover v. Pierce's Administratrix, 7 W. N. C. 93. It was there held that a judgment creditor owed no duty to a terre-tenant of land bound by his judgment to prosecute his judgment against other lands, or to take his money from a fund raised by the sale of other lands. See also: Addams v. Heffernan, 9 Watts 529; Konigmaker v. Brown, 14 Pa. 269; Jennings v. Loeffler, 184 Pa. 318.

The appellant had the right to call upon the plaintiff in the judgment to resort to the remaining lands of A. A. Ruff before enforcing his lien against the estate of the terre-tenant. If he refused to do so the Act of April 22, 1856, P. L. 532, gave the court of common pleas authority to control the execution process or, upon payment of the judgment, to require the plaintiff therein to assign the same to the terre-tenant: Mosier's App., 56 Pa. 76;

Roddy's App., 72 Pa. 98. Had the appellant obtained an assignment of the judgment it could have contested the validity of the credits claimed in the account and the award of the widow's exemption out of the fund, but at its own cost and expense. The appellee, of his own accord, did not attempt to enforce his judgment against the real estate in the possession of the terre-tenant, until after the lands of the judgment debtor had been sold and the proceeds applied in part payment of said judgment, but he was under no obligation to assume the burden and expense of litigation for the relief of the terre-tenant. No notice or demand to take any action in the matter was alleged to have been given by the terre-tenant to the plaintiff in the judgment before distribution of the fund in the orphans' court, as in Benner v. Phillips, 9 W. & S. 13; nor did appellant occupy the position of a surety, as in Finney's Admrs. v. Com., 1 P. & W. 240.

Furthermore the affidavit of defense was not sufficiently specific in its averments to convince us that the fund in the orphans' court was improperly distributed.

It did not aver that the widow had not made claim for her exemption out of the proceeds of the real estate being distributed. She is authorized by the Act of June 7, 1917, P. L. 447, section 12 (a) to claim for her exemption "real or personal property, or the proceeds of either real or personal property, belonging to said estate, to the value of five hundred dollars." Her claim for exemption, though deferred to the mortgage: Kauffman's App., 112 Pa. 645, was entitled to preference as against the appellee's judgment: Spencer's App., 27 Pa. 218; Nottes's App., 45 Pa. 361; it not being a judgment for purchase money: Hildebrand's App., 39 Pa. 133.

The appellant likewise took it for granted that the entire balance to be distributed was the proceeds of real estate. The account shows personalty and rents received in excess of the payments objected to. These and the proceeds of sale of the real estate were blended in one account. They should have been separated. The or-

phans' court seems to have segregated the funds in awarding distribution. The commissions, counsel fees, and expenses in connection with the sale of the real estate were properly chargeable against the proceeds derived from its sale and could not be shifted upon the personal fund to the detriment of creditors who had no lien on the real estate.

The judgment is affirmed.