## First National Bank of Windsor v. Foin.

*Husband and wife—Subrogation—Section 9 of the Act of April 22, 1856—Joint tenants.*

1. Husband and wife, as joint tenants, are regarded as having one entire and connected right; each in respect to the other is seized of the whole, and the right of neither is superior to the other; hence, neither is entitled to relief under section 9 of the Act of April 22, 1856, P. L. 534, relating to subrogation where the real estate of several persons is subject to the lien of a judgment to which they shall contribute, etc.

2. The right of subrogation does not extend to a mere volunteer; therefore, one without interest in a judgment or the land bound by its lien has no standing to compel the plaintiff to assign the judgment to him upon the payment of the amount due thereon.

Rule to show cause why the plaintiff should not be ordered to assign the judgment of the First National Bank of Windsor, Pa., against Rose A. Foin and Joseph M. Foin. C. P. York Co., Aug. T., 1924, No. 289.

*Harvey A. Gross,* for petitioner; *S. S. Laucks,* contra.

STOCK, J., Oct. 25, 1926.—Defendants in this judgment are husband and wife, who own certain real estate jointly. Joseph M. Foin, one of the defendants, petitioned for a stay of execution and an order directing plaintiff to

First National Bank of Windsor *v.* Foin.

assign this judgment to one Gertrude F. Moorhead, who appears from the petition to be no more than a mere volunteer, upon payment of the moneys due thereon, with costs.

The 9th section of the Act of April 22, 1856, P. L. 534, confers upon the courts a valuable power to control and direct executions so as to subserve the rights and equities of defendants as well as plaintiffs. Being statutory, the power is legal and extends not only to cases of subrogation, in which the court has before exercised equitable powers, but to all cases where the several persons shall be subject to the lien of any judgment to which they should by law or equity contribute. The court may compel the plaintiff on payment to assign his judgment. It may also direct to what use the judgment shall be assigned, and, when assigned, direct all executions thereupon so as to subserve the rights and equities of all parties whose real estate is liable thereto: Roddy's Appeal, 72 Pa. 98.

The rule provided for by that act is not a rule for subrogation, but provides a remedy for enforcing the rights and equities of the parties after the right to subrogation or contribution is established. It is necessary not only to establish the right to contribution, but the amount which the substituted creditor has a right to collect from the adverse party to the judgment must be ascertained: Packer *v.* Vandevender, 13 Pa. C. C. Reps. 31.

The right to subrogation embraces tenants in common of an estate bound by a joint lien: Miller's Appeal, 119 Pa. 620; Harrison *v.* Ingham, 3 Walker, 403.

The act provides relief for adjustment of equities between terre-tenants whose property is bound by a judgment covering the estates of all: Milligan's Appeal, 104 Pa. 503.

It was held, however, construing this section of the Act of 1856, that a partner has no equitable right to assignment of a judgment for partnership debt paid by him, because he is not entitled to subrogation against his copartner until an account has been settled between them. Until that is done, the amount that a copartner ought to pay cannot be ascertained: Fessler *v.* Hickernell, 82 Pa. 150; Wilson *v.* Ritchie, 4 W. N. C. 37; Fulton's Appeal, 95 Pa. 323. The reason why subrogation is not allowed to one partner as against his copartner, or to one merely a joint debtor or against his codebtor, is because, as between them, there is no obligation to pay the debt resting upon one superior to that which rests upon the other: McCormick's Admin'r *v.* Irwin, 35 Pa. 111; Hoge's Assigned Estate, 188 Pa. 527.

Husband and wife are joint tenants. Joint tenants are regarded as having one entire and connected right. They have an undivided moiety of the whole. A joint tenant, in respect to his companion, is seized of the whole. The right of neither is superior to the other. Hence, a husband or wife is not entitled to relief under the Act of 1856.

But, further, this right of subrogation has never been extended to a mere volunteer. The person who agrees to pay this debt in the instant case, and to whom the assignment shall be made, does not appear to have any interest in the judgment nor the land bound by its lien: Cottrell's Appeal, 23 Pa. 294.

And now, to wit, Oct. 25, 1926, the rule granted to show cause why the amount due on the judgment and execution should not be paid into court and plaintiff be directed to assign said judgment and execution to Gertrude P. Moorhead is discharged, with leave to plaintiff to proceed with execution.

From Richard E. Cochran, York, Pa.