## Tomlinson's Estate

*Charles W. Eaby,* for exceptants.
*Jacques H. Geinsenberger,* contra.

BURKHOLDER, P. J., December 16, 1937.—In this estate an appraisement of the widow's exemption of $500 was filed, which listed personal property of the value of

$109.57, deducted therefrom "estimated costs of administration $75", and appraised the balance of $465.43 "out of proceeds of real estate when sold".

Exceptions to this appraisement were filed on behalf of the widow on the ground, among other things, that it is improper to deduct costs of administration from a widow's appraisement. When these exceptions were argued it was conceded by counsel for the estate that the real estate of the decedent had been sold at sheriff's sale, and there were no assets whatsoever available in his estate for the widow's exemption, except the personal property. It likewise was conceded that the personal property amounted to $114.98, and that the expenses of administration amounted to $39.65.

A widow's exemption is a part of a decedent's estate in which the widow has an inchoate interest, which becomes absolute upon confirmation of the widow's appraisement, and it takes precedence over the debts of the decedent, including even funeral expenses. It has been held, however, that expenses of administration are not such debts of a decedent; they were not created by him, but are in a different category and take precedence over the widow's exemption.

In Hurst's Estate (No. 2), 8 Berks 209, it was held by Schaeffer, P. J.:

"While under the Act of April 14, 1851, the right of the widow or children of a decedent to retain $300.00 in value out of his estate is so far absolute that its only qualification is that it shall not impair the lien for purchase money, it has, however, been held that of necessity the costs of administration are payable in advance of all other claims, including the widow's exemption".

In Weir's Estate, 20 Phila. 146, the court, by Ashman, J., said:

"Under the Act of April 14, 1851, the right of the widow or children of a decedent to retain Three Hundred Dollars in value out of his estate, is so far absolute that its only qualification is that it shall not impair the lien

for purchase money. The retained property 'shall not be sold, but suffered to remain for the use of the widow and family.' The exception in favor of the vendor is in itself a legislative declaration that the exemption privilege is paramount to the rights of all creditors except the vendor. It is true that there is a class of debts which the decedent did not contract, and for which, nevertheless, his estate is liable, and that some of these debts are in a sense as justly liens upon his estate as the debt for purchase money. The expenses of settlement belong to this class, and of necessity are payable in advance of all others, because they are incurred in the ascertainment of the estate itself, without which the estate itself can scarcely be said to have a legal existence."

In McIntyre's Estate, 25 Dist. R. 139, 44 Pa. C. C. 111, it was held that:

"A widow's exemption takes priority of debts, including undertaker's expenses (Luke's Estate, 17 Phila. 517; Spencer's Appeal, 27 Pa. 218), but, of necessity, costs of administration are payable in advance of all other claims, including the widow's exemption, because, as we pointed out in Weir's Estate, 20 Phila. 146, they are incurred in the ascertainment of the amount of the estate, without which the estate itself can scarcely be said to have a legal existence."

It is true that in the two cases last cited the actual disposition of the costs was not finally decided when the opinions were written, but in the first case the point is squarely decided. We can find no other law on the subject in Pennsylvania. It is possible that if the widow had petitioned directly to the court before letters were granted to a personal representative in this estate under the Act of May 12, 1931, P. L. 116, 20 PS §477, the situation might be otherwise, but that is not the case here; the widow did not petition the court, but petitioned directly to the personal representative. Under these circumstances this court is constrained to follow the case of

Hurst's Estate, supra, and the widow's appraisement is reformed to read, as follows:

Personal property ........................ $114.98
Less costs of administration.................. 39.65
                                              _____
   Balance on account of widow's exemption......$ 75.33

This balance of $75.33 is awarded to Mary Fitzgerald Tomlinson on account of her widow's exemption; the costs of this proceeding to be paid out of this fund.